JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-07830-RGK-PLA | Date | December 8, 2015 |
|---|---|---|---|
| Title | *Blanca Aguirre et al v. U.S. Aviation Services Corp.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Remanding of Action to State Court

On June 4, 2015, Blanca Aguirre ("Plaintiff") and Andres Aguirre filed a complaint in the California superior court against U.S. Aviation Services Corporation ("Defendant"), alleging claims for the following: (1) wrongful suspension in violation of public policy; (2) wrongful suspension against implied employment agreement; (3) wrongful termination against public policy; (4) wrongful termination against implied employment agreement; (5) workplace gender discrimination; (6) sexual harassment; (7) retaliation; (8) denial of good faith interactive process; (9) failure to provide workplace environment free from harassment and/or discrimination; and (10) loss of consortium. Plaintiff filed a first amended complaint on November 11, 2015, which alleged all the same claims, with the exception of the eighth claim for denial of good faith interactive process.

On October 7, 2015, Defendant filed a Notice of Removal of Action to this Court alleging jurisdiction on the grounds of diversity citizenship. Upon review of the Notice of Removal, and for the following reasons, the Court remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

Plaintiff's first amended complaint does not allege that the amount in controversy has been met. To establish that the amount in controversy requirement has been met, Defendant cites to portions of Plaintiff's responses to certain form interrogatories. (*See* Def.'s Notice of Removal ¶¶ 18-20, ECF No. 2.) Plaintiff stated that "[a]s a result of my wrongful termination I have lost income in the sum of $59,480.40. This was calculated as follows: I earned approximately $814.80 per week multiplied by 73 weeks I have been unemployed equals $59,480.00." (*Id*. ¶ 18.) To satisfy the remainder of the amount in controversy, Defendant simply cites to Aguirre's claim that "[a]s a result of the incident, I suffered stress, anxiety, depression, humiliation, embarrassment, financial stress, crying spells, headaches, and insomnia." (*Id*. ¶ 20.)

The Court finds Defendant's claim insufficient, and its estimation of the amount of emotional distress damages too speculative to show this jurisdictional fact by a preponderance of the evidence. Accordingly, Defendant has failed to satisfy its burden that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                                              **:**             

**Initials of Preparer**